RECEIVED FOR FILING Case 4:22-cv-00054-WTM-CLR Document 1-1 Filed 03/07/22 Page 1 of 56
Case 4:22-cv-00054-WTM-CLR Document 1-1 Filed 03/07/22 Page 1 of 56
*Brian A. Hart* - Clerk of Court

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** CHATHAM _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** 1/27/2022 _____ | **Case Number** STCV22-00159 _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

FOX, SHIRLEY ANN

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
FOX, MARK DENSWELL

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
SHIRLEY ANN FOX AND MARK DENSWELL FOX AS CO ADMIS OF THE ESTATES OF

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
THOMAS DENSWELL FOX, DECEASED AND JOSEPH MARK FOX, DECEASED

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

WEEKS MARINE INC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
HUFFMAN, JOHN BRENTS

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
SAMPSON, DAVID

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
FERGUSON, JAMES

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** WILLIAM J. HUNTER, ESQ. **Bar Number** 141288 **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ _____
**Case Number** **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SHIRLEY ANN FOX and MARK DENSWELL FOX, Individually as the Surviving Parents of Thomas Denswell Fox, Deceased, and Joseph Mark Fox, Deceased, SHIRLEY ANN FOX and MARK DENSWELL FOX as Co-Administrators of the Estate of Thomas Denswell Fox, Deceased, and SHIRLEY ANN FOX and MARK DENSWELL FOX, as Co-Administrators of the Estate of Joseph Mark Fox, Deceased,<br><br>        Plaintiffs,<br><br>v.<br><br>WEEKS MARINE, INC.,<br>JOHN BRENTS HUFFMAN,<br>DAVID SAMPSON,<br>JAMES FERGUSON, and<br>RYAN WELCH,<br><br>        Defendants. | STCV22-00159 |

## COMPLAINT IN ADMIRALTY

COME NOW SHIRLEY ANN FOX and MARK FOX, Individually as the Surviving Parents of Thomas Denswell Fox, Deceased, and Joseph Mark Fox, Deceased, SHIRLEY ANN FOX and MARK DENSWELL FOX, as Co-Administrators of the Estate of Thomas Denswell Fox, Deceased, and SHIRLEY ANN FOX and MARK DENSWELL FOX, as Co-Administrators of the Estate of Joseph Mark Fox, Deceased, Plaintiffs herein, and state their Complaint in Admiralty against the Defendants WEEKS MARINE, INC., JOHN BRENTS HUFFMAN, DAVID SAMPSON, JAMES FERGUSON, and RYAN WELCH, showing the Court as follows:

## I. PARTIES, JURISDICTION and VENUE

1. Plaintiffs are residents of Chatham County, Georgia.

2. Plaintiffs are the natural parents of decedents Thomas Denswell Fox, deceased, and Joseph Mark Fox, deceased, and are the proper parties to bring these actions for wrongful death.

3. At the time of his death, Thomas Denswell Fox was a resident of Chatham County, Georgia. Plaintiffs Shirley Ann Fox and Mark Denswell Fox are the duly appointed Co-Administrators of the Estate of Thomas Denswell Fox, deceased.

4. At the time of his death, Joseph Mark Fox was a resident of Chatham County, Georgia. Plaintiffs Shirley Ann Fox and Mark Denswell Fox are the duly appointed Co-Administrators of the Estate of Joseph Mark Fox, deceased.

5. Defendant Weeks Marine, Inc. (hereinafter "Weeks Marine") is a corporation formed and existing under the laws of the State of New Jersey with its principal office located in the State of New Jersey. Defendant Weeks Marine maintains an office location in Chatham County, Georgia and may be served with process in the State of Georgia through its registered agent for service of process, Cogency Global, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Gwinnett County, Georgia 30076.

6. This Court has personal jurisdiction over Defendant Weeks Marine because Weeks Marine has: (1) transacted business within the State of Georgia; (2) committed tortious acts and/or omissions within the State of Georgia; (3) caused tortious injury to Plaintiffs in the State of Georgia; (4) maintains and office within this district; and (5) regularly transacted or solicited business and/or engaged in a persistent course of conduct in Georgia and/or derived substantial revenue from goods used or consumed or services rendered in the State of Georgia.

7. Defendant Weeks Marine is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of Georgia including, but not limited to:

   a. Conducting construction, dredging, and/or other marine services and other activities in the State of Georgia;

   b. The porting, mooring, anchoring, maintenance, operation, and/or storing of substantial amount of marine equipment within the State of Georgia including, but not limited to, several large dredgers and barges along with appurtenant vessels and equipment;

   c. Maintaining a regular and continuous business presence in the State of Georgia including, but not limited to, dredging operations on and near the Savannah River and within the confines of Chatham County, Georgia;

   d. Engaging in solicitation activities in Georgia to promote the sale, use, and supply of its services and equipment;

   e. Employment of residents of the State of Georgia for work and operations conducted within the State of Georgia; and

   f. Maintaining an office within Chatham County, Georgia.

8. Defendant Weeks Marine has such sufficient minimum contacts with the State of Georgia that are purposefully directed to the State of Georgia that the filing of this action does not offend traditional notions of fair play and justice.

9. This cause of action is based upon a collision between marine vessels that occurred on the Savannah River with a substantial part of the events giving rise to the claims asserted herein occurring within the confines of Chatham County, Georgia. The Plaintiffs bring this

lawsuit under the Savings to Suitors clause of 28 U.S.C. § 1333 and seek all remedies available under the general maritime law of the United States and state law for each cause of action.

10. Defendant Weeks Marine was at all times material the owner, charterer, and/or operator of the M/V Ronnie R, the dredger JS CHATRY, the dredging vessel/equipment barge WEEKS 187 and other appurtenances of the dredging operations located on the Savannah River.

11. Defendant John Brents Huffman is a resident of the State of Florida and may be served with process at 23880 Flora Parke Boulevard, Fernandina Beach, Florida 32034.

12. Defendant Huffman is subject to the jurisdiction of this Court by virtue of having committed negligent acts and/or omissions causing Plaintiffs' injuries and damages complained of herein while in the State of Georgia.

13. Defendant David Sampson is a resident of the Commonwealth of Virginia and may be served with process at 754 Michelle Drive, Newport News, Virginia 23601.

14. Defendant Sampson is subject to the jurisdiction of this Court by virtue of having committed negligent acts and/or omissions causing Plaintiffs' injuries and damages complained of herein while in the State of Georgia.

15. Defendant James Ferguson is a resident of the State of Florida and may be served with process at 231 N. 14th Street, Fernandina Beach, Florida 32034.

16. Defendant Ferguson is subject to the jurisdiction if this Court by virtue of having committed negligent acts and/or omissions causing Plaintiffs' injuries and damages complained of herein while in the State of Georgia.

17. Defendant Ryan Welch is a resident of the State of Alabama and may be served with process at 83 Baylee Drive, Killen, Alabama 35645.

18. Defendant Welch is subject to the jurisdiction if this Court by virtue of having committed negligent acts and/or omissions causing Plaintiffs' injuries and damages complained of herein while in the State of Georgia.

19. This Court has jurisdiction over the Defendants and the subject matter of this action.

20. Jurisdiction and venue are proper in this Court.

## II. GENERAL ALLEGATIONS

21. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 20 as if fully alleged herein.

22. Defendant Weeks provides maritime construction and dredging services throughout North and South America.

23. On November 7, 2018, Defendant Weeks was awarded a $151.3 million contract by the U.S. Army Corps of Engineers to provide dredging services in connection with the Savannah Harbor Expansion Project.

24. Since 2020, Defendant Weeks has regularly conducted dredging operations on the Savannah River with a substantial portion of the operations being conducted from and within Chatham County, Georgia.

25. Defendant Weeks' dredging operations have involved the use of numerous vessels, barges, buoys, and pipelines, including the M/V RONNIE R, the JS CHATRY, the barge WEEKS 187, and other appurtenances and equipment in and/or on the Savannah River.

26. Defendant Weeks's dredging operations have typically occurred around the clock, with boats, including the M/V RONNIE R, regularly conducting inspections and/or transporting

employees and equipment to and from the dredging vessel and other auxiliary vessels along the Savannah River.

27. At approximately 9:00 p.m., on the Savannah River at or near Fields Cut, in the navigable waters of the States of Georgia and South Carolina, Defendant Weeks Marine's vessels and/or marine equipment, the M/V RONNIE R and the WEEKS 187 and its equipment and appurtenances were engaged in nighttime dredging operations on the Savannah River.

28. The M/V RONNIE R's captain and crew consisted of Defendants Huffman and Sampson, respectively.

29. The M/V RONNIE R left its usual docking location at Hutchinson Island in Chatham County, Georgia, and was headed downriver on the Savannah River toward the WEEKS 187 and the junction of the Savannah River and Fields Cut.

30. The M/V RONNIE R was, in violation of established rules of navigation, traveling on the wrong side of the river (with the closest shore to its port (left) side) as it neared Fields Cut.

31. At the same time, Defendants Ferguson and Welch were acting as agents and/or employees of Defendant Weeks Marine, serving as the project managers on-site for Weeks Marine's dredging operations.

32. Upon information and belief, Defendants Ferguson and Welch maintained offices within Chatham County, Georgia, from which they performed their duties as Weeks Marine's project managers on-site.

33. Upon information and belief, Defendants Ferguson and Welch were responsible for supervising the seaworthiness and operation of ships and equipment owned and operated by Defendant Weeks Marine and/or its employees, as well as supervising Weeks Marine's employees such as Defendants Huffman and Sampson.

34. At the same time, decedents Thomas Denswell Fox and Joseph Mark Fox were passengers on a pleasure boat that was headed up-river on the Savannah River near the junction of the Savannah River and Fields Cut in the vicinity of Defendant Weeks Marine's dredging operations, and more specifically the WEEKS 187 and its appurtenances.

35. The boat upon which Plaintiffs' decedents were riding was in a seaworthy condition and was being operated in a manner consistent with all applicable maritime navigation rules and regulations.

36. The pleasure boat on which decedents were riding was appropriately headed up-river on the correct side of the river (with the closest shore to its starboard (right) side).

37. As the decedent's pleasure boat was navigating around the hazards created by the WEEKS 187, it was met head-on by the M/V RONNIE R, which was at the time using an improper manner of travel and had improper and inadequate lighting making it not observable by the occupants of the boat in which Plaintiffs' decedents were riding, and the boats collided.

38. When Joseph Fox, the operator of the decedents' boat, observed the oncoming M/V RONNIE R and impending collision, he properly turned his boat to starboard in an attempt to avoid the collision.

39. When Defendant Huffman, as captain of the M/V RONNIE R, observed the boat in which Plaintiffs' decedents were riding and impending collision and improperly steered his vessel to port, into the path of the oncoming boat in which Plaintiffs' decedents were riding.

40. Following the collision between the M/V RONNIE R and decedents' boat, the crew of the M/V RONNIE R and Defendant Weeks's other vessels in the area failed to provide appropriate aide to the occupants of Decedents' boat.

7

41. Thomas Denswell Fox and Joseph Mark Fox were killed as a result of the collision and their bodies found in the water a few days later.

42. The collision and resulting deaths were not caused or contributed to by any fault or negligence of the decedents, but were caused solely by, and due wholly to, the unseaworthiness of Defendant Weeks Marine's vessels and/or marine equipment, and by the fault and negligence of those vessels and of the persons in charge of them, including but not limited to Defendants Huffman, Sampson, Ferguson, and Welch, and/or the negligent and deficient planning and operation of the general dredging operations in the following particulars:

    a. Said vessels were unseaworthy at the time of the collision;

    b. Said vessels were in the charge of incompetent officers and crew;

    c. Defendant Huffman, the captain of the M/V RONNIE R, was inadequately trained and supervised;

    d. The officer and crew of the M/V RONNIE R, Defendants Huffman and Sampson, failed to keep a good and proper lookout at a proper place;

    e. The M/V RONNIE R failed to utilize a lookout as required by law;

    f. The WEEKS 187, and its equipment and appurtenances, was secured, moored, anchored or positioned in such a manner as to pose an unreasonable hazard to navigation; specifically the vessel was positioned so as to block visibility of other vessels where Fields Cut meets the Savannah River such that vessels coming from Fields Cut and headed upriver on the Savannah River are required to alter their course toward the southern side of the Savannah River while at the same time lacking ability to see vessels which may be coming downriver. Specifically, the

dredging operation, including the WEEKS 187, created numerous and large blind spots for any inbound vessel traversing the proper side of the channel. In addition to the substantial blind spots created, none of the vessels accounted for the substantial amount of lighting on and around the WEEKS 187 and Elba Island. The dredging operation, including the illegal and dangerous path required or knowingly allowed taken regularly by the M/V RONNIE R, was set up at a "dogleg" in the river (shown below) and in a manner which posed great risk to any pleasure vessel traversing the Savannah River, and, in fact, was set up in the most dangerous manner possible for pleasure vessels traversing the Savannah River at night. In addition, there was a significant section of submerged and above-water dredge piping that projected from the WEEKS 187 toward the center of the channel that was an obstruction, forcing the M/V RONNIE R and the Decedents' vessel toward a nexus in the dogleg in the vicinity of the incident collision. The blind spots, coupled with the obstruction created by the WEEKS 187 and its associated submerged and above-water dredge piping and other appurtenances caused a sudden "unmasking" of the M/V RONNIE R (headed on the wrong side of the channel at a high speed at night) to the decedents' vessel at the nexus in the dogleg;





*For reference, the black triangles constitute blind spots. Decedent's vessel was traveling upriver, or inbound, on the proper side (the starboard side) of the channel.*

g.  Said vessels failed to have sufficient crew on board and/or watchmen under the circumstances;

h.  Said vessels failed to display the proper lights required under the circumstances; specifically, the M/V RONNIE R was at the time of the collision utilizing a searchlight which, because of the location of the search light relative to the navigation lights, obscured the required navigational lighting as well as impaired, or interfered with, the visibility of other vessels to the captain of the M/V RONNIE

R and prevented other vessels from accurately discerning the M/V RONNIE R's direction of travel, especially at the speeds routinely utilized by the M/V RONNIE R. In addition, as seen in the photograph immediately below, the searchlight was prominently placed in the lighting configuration and utilized bulbs of far greater strength than the bulbs of the navigation lights. The configuration, along with the relative power of the lights, made the navigation lights impossible to see from the vantage point of other vessels properly navigating the channel opposite the improper and dangerous speed and direction of travel of the M/V RONNIE R on the wrong side of the channel;



i.  Said vessels failed to display the proper lights required under the circumstances; specifically, the M/V RONNIE R was at the time of the collision utilizing a set of lights, including port and starboard navigation lights and a search light mounted along the same horizontal plane, which did not take into account the environment, and specifically the presence of numerous back lights and surrounding lights

existing on the WEEKS 187 and on Elba Island, which houses a large LNG facility. The failure to account for the presence of lights which obscured the M/V RONNIE R and directly impacted the ability of other vessels to see the M/V RONNIE R is a direct violation of United States regulations;



j.  Said vessels failed to follow navigational principles required under the circumstances; specifically, the M/V RONNIE R, at the time of the collision and regularly, utilized an improper course upon the Savannah River by failing to keep as near to the outer limit of the channel or fairway at her starboard side as is safe and practicable, and Defendant Weeks Marine had full knowledge thereof; and, specifically, the M/V RONNIE R followed this dangerous route frequently which required the vessel to traverse the Savannah River at the direction of Defendant Weeks Marine on the wrong side of the channel, opposing traffic at night and at high speed, while checking Defendant Weeks Marine's equipment. The route further required the M/V RONNIE R to jut into the channel and into the pathway of inbound vessels traveling on the proper side of the channel so that the M/V RONNIE R could avoid Defendant Weeks Marine's own equipment as it passed

near or by the WEEKS 187 and its equipment and appurtenances. Defendant Weeks Marine's knowledge of this dangerous and ongoing activity is absolute as the M/V RONNIE R is outfitted with monitoring devices viewable by anyone from Defendant Weeks Marine who desired to monitor the M/V RONNIE R;



k. Said vessels failed to follow navigational principles required under the circumstances; specifically, the M/V RONNIE R, at the time of the collision and regularly, not only utilized an improper and dangerous course upon the Savannah River by failing to keep as near to the outer limit of the channel or fairway at her starboard side as is safe and practicable, but also did so while traveling at a high rate of speed given the conditions, including the numerous back lights from Elba Island and the WEEKS 187, the significant blind spots created by the WEEKS 187 and the shoreline, and the M/V RONNIE R's travel down the wrong side of the channel against the direction of vessel traffic. Upon information and belief, the captain of the M/V RONNIE R was directed by Defendant Weeks Marine

specifically to utilize this course and speed to check the sub buoy lights attendant to the overall dredging operation. Defendant Weeks Marine's knowledge of this dangerous and ongoing activity is absolute as the M/V RONNIE R is outfitted with monitoring devices viewable by anyone from Defendant Weeks Marine who desired, or whose specific responsibility it was, to monitor the M/V RONNIE R;

l.   The M/V RONNIE R's use of a spotlight or searchlight in conducting its inspections was necessitated by Defendant Weeks Marine's negligent, dangerous, and improper setup and maintained the buoys and buoy lights attendant to the dredging operation;

m.  Said vessels failed to utilize proper navigational equipment required under the circumstances; specifically, the M/V RONNIE R was, at the time of the collision, utilizing outdated navigational software and electronic charts and had disabled its collision warning system(s) and failed to employ adequate measures to compensate for such systems;





n.   The radar on the M/V RONNIE R was either not working properly or the radar was
     not functioning properly as the captain of the M/V RONNIE R claimed that he
     never saw the pleasure vessel until immediately before the collision and *when it
     allegedly entered the lights of the WEEKS 187*;

o.   The M/V RONNIE R failed to utilize all means at its disposal to avoid the collision,
     including, but not limited to, having it collision alarm switched to the setting
     "OFF";



p.  The agents and employees of Defendant Weeks Marine, including but not limited to Defendants Huffman and Sampson, engaged in performing the work of the dredging operations, were inexperienced and unqualified to perform the work they were directed to do on board said vessels, and Defendant Weeks Marine had full knowledge thereof;

q.  The vessel occupied by decedents collided with the vessel owned by Defendant Weeks Marine by reason of Defendant Week Marine's vessel, by and through its captain, Defendant Huffman, having failed to take the necessary and proper steps to avoid collision;

r.  The M/V RONNIE R, under the command of Defendant Huffman, failed to follow the rules of the navigable waters when it turned to port and directly into the path of the pleasure vessel;

s.  Said vessels failed to give sufficient and proper aid to the passengers of the vessel upon which the decedents were passengers, which reasonably can be expected to have mitigated the injuries to decedents;

t.  Defendants Ferguson and Welch failed to provide proper supervision to the operation of the dredging operations, generally, and specifically failed to observe and correct the negligent, deficient, and/or unseaworthy conditions and negligent acts and/or omissions of their subordinates, Defendants Huffman and Sampson, set forth in the preceding subparts (a) through (s) of this paragraph.

### III. CAUSES OF ACTION

### COUNT 1 – NEGLIGENCE (UNSEAWORTHINESS)

43. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 42 as if fully alleged herein.

44. Defendants owed duties under both federal and state laws to decedents and others traveling on the navigable waterways to exercise ordinary care in the operation of their vessels and/or other marine equipment and the operation of the dredging operations.

45. The owners, operators, and crew of Defendant Weeks Marine's vessels, including without limitation Defendants Huffman and Sampson, and its project managers, including without limitation Defendants Ferguson and Welch, at and immediately prior to the collision, knew the vessels and other marine equipment were:

   a. Unseaworthy at the time of the collision;

   b. In the charge of incompetent and/or inadequate officers and crew;

   c. Failing to keep a good and proper lookout as required by law;

   d. In the case of the WEEKS 187 and its equipment and appurtenances, improperly secured, moored, anchored, or position in such a manner as to pose an unreasonable hazard to navigation by blocking the visibility of other vessels using the channel, requiring other vessels headed upriver on the channel to alter their course toward the southern side of the Savannah River, and failing to account for surrounding shore lighting and that lighting produced by the WEEKS 187 and its effect on the ability of other vessels to navigate in nighttime conditions;

   e. In the case of the M/V RONNIE R, regularly utilizing an improper course when navigating the river by failing to keep closest to the shore on its starboard side as

17

was safe and practicable by using a search light which obscured and/or reduced the visibility of its navigational lighting, by failing to account for surrounding shore lighting and that lighting produced by the WEEKS 187, by failing to travel at a proper speed given the circumstances and the environment;

f.  In the case of the M/V RONNIE R, using outdated navigational software and electronic charts;

g.  In the case of the M/V RONNIE R, failing to use and/or otherwise disabling its collision avoidance systems and failing to use and/or have properly functioning radar, and failing to employ proper measures to compensate for the loss of these systems;

h.  In the case of the M/V RONNIE R, failing to use proper, accepted, and required collision avoidance maneuvers once the risk of collision became apparent;

i.  By engaging in the work of the dredging operations with employees and/or agents who were inexperienced and/or unqualified to perform the work they were directed to do on Defendant Weeks Marine's vessels; and

j.  By failing to give timely, sufficient, and proper aid to the passengers of the vessel upon which decedents were passengers, which reasonably can be expected to have mitigated the injuries to decedents.

46. Defendants, as those in charge of the vessels and/or marine equipment involved in the collision at issue, specifically the WEEKS 187 and its equipment and appurtenances, knew or should have known that their vessels and/or marine equipment were moored, anchored, or otherwise positioned in a careless and reckless manner such that it blocked the visibility of other vessels where Fields Cut meets the Savannah River, required vessels coming from

Fields Cut and headed upriver on the Savannah River to alter their course toward the southern side of the river while at the same time blocking their ability to visualize vessels headed downriver, by failing to account for surrounding shore lights and the lights present on the WEEKS 187 and their impact on the navigation of other vessels in nighttime conditions, and the placement of the WEEKS 187 and its equipment and appurtenances and other dredging equipment that established the illegal and dangerous path the M/V RONNIE R took in inspecting such equipment, and allowed the vessel to be so moored, anchored, or otherwise positioned in a manner that was a severe hazard to navigation at night.

47. Defendants Weeks Marine, Ferguson, and Welch negligently, dangerously, and improperly setup and maintained, or allowed the negligent, dangerous, and improper set up of, the buoys and buoy lights attendant to the dredging operation. Defendants knew that the M/V RONNIE R was improperly utilizing a searchlight to check the buoys which created a significant and dangerous hazard to other vessels.



48. Defendant Weeks Marine knew or should have known that its vessels and/or marine equipment were being operated by persons, including without limitation Defendants

Huffman and Sampson, who were not competent by reason of lack of experience or knowledge and allowed the vessels to be so operated.

49. The above-stated acts and/or omissions of the Defendants constitute breaches of the duties owed to Plaintiffs' decedents and the direct and proximate causes of the decedents' injuries and deaths.

## COUNT II – NEGLIGENT OPERATION

50. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 49 as if fully alleged herein.

51. Defendants Weeks Marine, Huffman, and Sampson, each owed duties to Plaintiffs' decedents and others to operate their vessels using due care and regard for the safety of others using the waterways.

52. Defendants Weeks Marine, Huffman, and Sampson, breached their duties owed in one or more of the following several ways:

    a.   They failed to maintain proper and alert lookouts;

    b.   They failed to observe the applicable rules with regard to proper lighting;

    c.   They failed to utilize appropriate and updated navigational software and charts;

    d.   They failed to utilize available collision avoidance system(s);

    e.   They failed to take appropriate measures to avoid the collision;

    f.   They failed to properly equip their vessels by failing to make proper use of spotlights and searchlights;

    g.   They failed to observe the rules with regard to navigating on the Savannah River, to wit: by the M/V RONNIE R failing to keep as near to the outer limit of the

channel or fairway at her starboard side as is safe and practicable and did so at a high and dangerous rate of speed given the circumstances and conditions;

h. They failed to give timely, sufficient, and proper aid to the passengers of the vessel upon which decedents were passengers, which reasonably can be expected to have mitigated the injuries to decedents.

53. Defendant Weeks Marine is vicariously liable for the negligent acts and/or omissions of its agents and employees, Defendants Huffman and Sampson, committed within the course and scope of their agency/employment.

54. Defendants Weeks Marine, Huffman, and Sampson's negligent acts and/or omissions as set forth above are a direct and proximate causes of decedents' injuries and deaths and the damages sought herein.

55. Defendants Weeks Marine, Ferguson, and Welch owed duties to Plaintiffs' decedents and others to conduct the dredging operations using due care and with regard for the safety of others using the waterways.

56. Defendants Weeks Marine, Ferguson, and Welch breached their duties owed to in one or more of the following several ways:

a. They failed to observe the rules with regard to mooring, anchoring, and/or positioning of their vessels, to wit: blocking navigation and visibility for boating traffic where the Savannah River meets Fields Cut and creating severe hazards to navigation;

b. They failed to properly arrange, secure, and maintain the buoy and buoy lights attendant to the dredging operations and such failure required the improper use of spotlights and searchlights for maintenance thereof;

RECEIVED FOR FILING CLERK'S OFFICE SUPERIOR COURT CHATHAM CO. GA 2022 MAR -1 AM ... Brian K. Hart - Clerk of Court

   c. They failed to account for the hazards that the placement of the WEEKS 187 posed to navigation by other vessels;

   d. By being aware of and approving the operation of the M/V RONNIE R, or would have been aware with reasonable inspection that the M/V RONNIE R was being operated (1) by an inadequate crew, (2) without proper lighting under the circumstances, (3) without displaying the proper navigational lighting, (4) while routinely failing to follow navigational principles by traveling to the WEEKS 187 along the wrong side of the channel and at a high rate of speed, (5) with an inoperable and/or malfunctioning radar system, (6) using outdated electronic charts, and (7) with a disabled collision warning system/alarm;

   e. By failing to develop and implement adequate measures to ensure awareness of navigational hazards such as normal and customary marine traffic on the Savannah River; and

   f. By being otherwise negligent and careless in the planning, design, implementation, and supervision of the dredging operations, generally, and the operation of the M/V RONNIE R and WEEKS 187.

57. Defendant Weeks Marine is vicariously liable for the negligent acts and/or omissions of its agents and employees, Defendants Ferguson, and Welch, committed within the course and scope of their agency/employment.

58. Defendants Weeks Marine, Ferguson, and Welch's acts and/or omissions as set forth above are a direct and proximate causes of decedents' injuries and deaths and the damages sought herein.

## COUNT III – NEGLIGENCE PER SE – VIOLATION OF REGULATIONS

59. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 58 as if fully alleged herein.

60. Defendants failed to observe the rules applicable to marine navigation in the circumstances leading up to and at the time of the collision at issue. The acts and/or omissions of Defendants caused the above collision and violated 33 C.F.R. § 64.01, et seq (Marking of Structures, Sunken Vessels and Other Obstructions), 33 C.F.R. § 83.06 (Rule 6 – Safe Speed), 33 C.F.R. § 83.07 (Rule 7 – Risk of Collision), 33 C.F.R. § 83.09 (Rule 9 – Narrow Channels), 33 C.F.R. § 83.14 (Rule 14 – Head-on Situation), 33 C.F.R. § 83.19 (Rule 19 - Conduct of Vessels in Restricted Visibility), 33 C.F.R. § 83.20 (Rule 20 – Application (Lights and Shapes)), 33 C.F.R. § 83.22 (Rule 22 – Visibility of Lights), and 33 C.F.R. § 83.23 (Rule 23 – Power-Driven Vessels Underway).

61. Plaintiffs' decedents are members of the class of persons intended to be protected by these regulations.

62. Defendants failed to take any responsible precautions to avoid the collision at issue.

63. Defendants' violations of the above-stated regulations are a proximate and direct cause of the collision and the injuries and death suffered by the decedents.

64. Defendants are negligent per se for their failure to comply with the above-stated regulations.

65. Defendants' violations of the rules intended to prevent maritime collisions raises the presumption of such violations constituting the cause(s) of the collision at issue.

66. Defendant Weeks Marine is vicariously liable for the negligent per se acts of its agents and employees including Defendants Huffman, Sampson, Ferguson, and Welch committed within the course and scope of their agency/employment.

67. Defendant Weeks Marine knew or should have known upon reasonable investigation that its vessels were being operated in a manner that violated the law and the regulations set forth herein.

## COUNT IV – ESTATE CLAIMS – ESTATE OF THOMAS DENSWELL FOX

68. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 67 as if fully alleged herein.

69. Plaintiffs are the duly appointed Co-Administrators of the Estate of Thomas Denswell Fox and the proper parties to bring this action to recover damages on behalf of the Estate.

70. Prior to the collision at issue, Thomas Denswell Fox was aware of the impending collision and suffered conscious awareness of the impending collision which resulted in his injuries and death, such awareness constituting an element of pre-death pain and suffering.

71. After the collision at issue, Thomas Denswell Fox experienced conscious awareness of his injuries and impending demise, such awareness constituting an element of pre-death pain and suffering.

72. Thomas Denswell Fox's conscious awareness of the impending collision and of his injuries and impending death constitute damages recoverable by his Estate and for which recovery is sought herein.

73. The Estate is further entitled to recover funeral and burial expenses incurred on behalf of Thomas Denswell Fox.

## COUNT V – ESTATE CLAIMS – ESTATE OF JOSEPH MARK FOX

74. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 73 as if fully alleged herein.

75. Plaintiffs are the duly appointed Co-Administrators of the Estate of Joseph Mark Fox and the proper parties to bring this action to recover damages on behalf of the Estate.

76. Prior to the collision at issue, Joseph Mark Fox was aware of the impending collision and suffered conscious awareness of the impending collision which resulted in his injuries and death, such awareness constituting an element of pre-death pain and suffering.

77. After the collision at issue, Joseph Mark Fox experienced conscious awareness of his injuries and impending demise, such awareness constituting an element of pre-death pain and suffering.

78. Joseph Mark Fox's conscious awareness of the impending collision and of his injuries and impending death constitute damages recoverable by his Estate for which recovery is sought herein.

79. The Estate is further entitled to recover funeral and burial expenses incurred on behalf of Joseph Mark Fox.

## COUNT VI – WRONGFUL DEATH – THOMAS DENSWELL FOX

80. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 79 as if fully alleged herein.

81. Plaintiffs are the surviving parents of Thomas Denswell Fox and the proper parties to bring the claim for his wrongful death.

82. At the time of his death, Thomas Denswell Fox was approximately 21 years old.

83. Plaintiffs are entitled to recover pecuniary damages arising from the death of Thomas Denswell Fox under the general maritime law of the United States.

84. Plaintiffs are entitled under supplementing state law to recover damages for the full value of Thomas Denswell Fox's life, without deducting for any of the necessary or personal expenses he would have incurred had he lived, for Thomas Denswell Fox's wrongful death caused by Defendants' wrongful acts and/or omissions.

## COUNT VII – WRONGFUL DEATH – JOSEPH MARK FOX

85. Plaintiffs re-allege and incorporate by reference all allegations contained in paragraphs 1 through 84 as if fully alleged herein.

86. Plaintiffs are the surviving parents of Joseph Mark Fox and the proper parties to bring the claim for his wrongful death.

87. At the time of his death, Joseph Mark Fox was approximately 23 years old.

88. Plaintiffs are entitled to recover pecuniary damages arising from the death of Joseph Mark Fox under the general maritime law of the United States.

89. Plaintiffs are entitled under supplementing state law to recover damages for the full value of Joseph Mark Fox's life, without deducting for any of the necessary or personal expenses he would have incurred had he lived, for Joseph Mark Fox's wrongful death caused by Defendants' wrongful acts and/or omissions.

WHEREFORE, Plaintiffs respectfully request:

a) That summons and process issue and be served upon Defendants as provided by law;

b) For a trial by a jury comprised of twelve (12) persons as to all issues so triable;

c) For judgment in favor of Plaintiffs and against Defendants;

d) That Plaintiffs Shirley Ann Fox and Mark Denswell Fox, as Co-Administrators of the Estate of Thomas Denswell Fox, be awarded general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury for pre-death pain and suffering experienced by Thomas Denswell Fox along with funeral and burial expenses in an amount to be proved at trial;

e) That Plaintiffs Shirley Ann Fox and Mark Denswell Fox, as Co-Administrators of the Estate of Joseph Mark Fox, be awarded general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury for pre-death pain and suffering experienced by Joseph Mark Fox along with funeral and burial expenses in an amount to be proved at trial;

f) That Plaintiffs, as the surviving parents of Thomas Denswell Fox, be awarded wrongful death damages in the amount of the full value of the life of Thomas Denswell Fox, without deduction for any of the necessary or personal expenses he would have incurred had he lived;

g) That Plaintiffs, as the surviving parents of Joseph Mark Fox, be awarded wrongful death damages in the amount of the full value of the life of Joseph Mark Fox, without deduction for any of the necessary or personal expenses he would have incurred had he lived; and

h) Such other and further relief as the Court deems just and proper.

(Signature Page follows.)

THIS 27th day of January, 2022.

OLIVER MANER LLP

*/s/ William J. Hunter*
WILLIAM J. HUNTER
Georgia Bar No. 141288
I. GREGORY HODGES
Georgia Bar No. 358925
218 West State Street GEORGE T. MAJOR, JR.
P.O. Box 10186 Georgia Bar No. 619608
Savannah, Georgia 31412 VICTORIA R. NEASE
(912) 236-3311 Georgia Bar No. 314596
(912) 236-8725 *facsimile*

*Attorneys for Plaintiffs*

*Erica A. Hart* - Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHIRLEY ANN FOX and MARK DENSWELL FOX, Individually as the Surviving Parents of Thomas Denswell Fox, Deceased, and Joseph Mark Fox, Deceased, SHIRLEY ANN FOX and MARK DENSWELL FOX as Co-Administrators of the Estate of Thomas Denswell Fox, Deceased, and SHIRLEY ANN FOX and MARK DENSWELL FOX, as Co-Administrators of the Estate of Joseph Mark Fox, Deceased,<br><br>        Plaintiffs,<br><br>v.<br><br>WEEKS MARINE, INC., JOHN BRENTS HUFFMAN, DAVID SAMPSON, JAMES FERGUSON, and RYAN WELCH,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.        STCV22-00159 |

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANT:

Weeks Marine, Inc.
c/o Cogency Global, Inc., Registered Agent
900 Old Roswell Lakes Parkway, Suite 310
Roswell, GA 30076

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**William J. Hunter, Esq.**
**George T. Major, Jr., Esq.**
**Oliver Maner, LLP**
**218 W. State Street, P.O. Box 10186**
**Savannah, Georgia 31412**

an answer to the **Complaint** which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2022.

Clerk of State Court of Chatham County
/s/ Moneisha Green
By: _____
Deputy Clerk

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHIRLEY ANN FOX and MARK DENSWELL FOX, Individually as the Surviving Parents of Thomas Denswell Fox, Deceased, and Joseph Mark Fox, Deceased, SHIRLEY ANN FOX and MARK DENSWELL FOX as Co-Administrators of the Estate of Thomas Denswell Fox, Deceased, and SHIRLEY ANN FOX and MARK DENSWELL FOX, as Co-Administrators of the Estate of Joseph Mark Fox, Deceased, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  STCV22-00159 |
| WEEKS MARINE, INC., JOHN BRENTS HUFFMAN, DAVID SAMPSON, JAMES FERGUSON, and RYAN WELCH, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

David Sampson
754 Michelle Drive
Newport News, VA 23601

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**William J. Hunter, Esq.**
**George T. Major, Jr., Esq.**
**Oliver Maner, LLP**
**218 W. State Street, P.O. Box 10186**
**Savannah, Georgia 31412**

an answer to the **Complaint** which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2022.

Clerk of State Court of Chatham County
/s/ Moneisha Green

By: _____
Deputy Clerk

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHIRLEY ANN FOX and MARK DENSWELL FOX, Individually as the Surviving Parents of Thomas Denswell Fox, Deceased, and Joseph Mark Fox, Deceased, SHIRLEY ANN FOX and MARK DENSWELL FOX as Co-Administrators of the Estate of Thomas Denswell Fox, Deceased, and SHIRLEY ANN FOX and MARK DENSWELL FOX, as Co-Administrators of the Estate of Joseph Mark Fox, Deceased, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )  Civil Action No.     STCV22-00159 ) |
| WEEKS MARINE, INC., JOHN BRENTS HUFFMAN, DAVID SAMPSON, JAMES FERGUSON, and RYAN WELCH, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANT:

James Ferguson
231 N. 14th Street
Fernandina Beach, FL 32034

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**William J. Hunter, Esq.**
**George T. Major, Jr., Esq.**
**Oliver Maner, LLP**
**218 W. State Street, P.O. Box 10186**
**Savannah, Georgia 31412**

an answer to the **Complaint** which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2022.

Clerk of State Court of Chatham County
/s/ Moneisha Green
By: _____
Deputy Clerk

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHIRLEY ANN FOX and MARK DENSWELL FOX, Individually as the Surviving Parents of Thomas Denswell Fox, Deceased, and Joseph Mark Fox, Deceased, SHIRLEY ANN FOX and MARK DENSWELL FOX as Co-Administrators of the Estate of Thomas Denswell Fox, Deceased, and SHIRLEY ANN FOX and MARK DENSWELL FOX, as Co-Administrators of the Estate of Joseph Mark Fox, Deceased, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.    STCV22-00159 ) |
| WEEKS MARINE, INC., JOHN BRENTS HUFFMAN, DAVID SAMPSON, JAMES FERGUSON, and RYAN WELCH, | ) ) ) ) ) |
| Defendants. | ) ) |

## **SUMMONS**

TO THE ABOVE-NAMED DEFENDANT:

John Brents Huffman
23880 Flora Parke Boulevard
Fernandina Beach, FL 32034

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**William J. Hunter, Esq.**
**George T. Major, Jr., Esq.**
**Oliver Maner, LLP**
**218 W. State Street, P.O. Box 10186**
**Savannah, Georgia 31412**

an answer to the **Complaint** which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2022.

Clerk of State Court of Chatham County
/s/ Moneisha Green
By: _____
Deputy Clerk

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHIRLEY ANN FOX and MARK DENSWELL FOX, Individually as the Surviving Parents of Thomas Denswell Fox, Deceased, and Joseph Mark Fox, Deceased, SHIRLEY ANN FOX and MARK DENSWELL FOX as Co-Administrators of the Estate of Thomas Denswell Fox, Deceased, and SHIRLEY ANN FOX and MARK DENSWELL FOX, as Co-Administrators of the Estate of Joseph Mark Fox, Deceased, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No.  STCV22-00159 |
| WEEKS MARINE, INC., JOHN BRENTS HUFFMAN, DAVID SAMPSON, JAMES FERGUSON, and RYAN WELCH, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANT:

Ryan Welch
83 Baylee Drive
Killen, AL 35645

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**William J. Hunter, Esq.**
**George T. Major, Jr., Esq.**
**Oliver Maner, LLP**
**218 W. State Street, P.O. Box 10186**
**Savannah, Georgia 31412**

an answer to the **Complaint** which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2022.

Clerk of State Court of Chatham County
/s/ Moneisha Green

By: _____
Deputy Clerk

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

SHIRLEY ANN FOX and MARK )
DENSWELL FOX, Individually as the )
Surviving Parents of Thomas Denswell Fox, )
Deceased, and Joseph Mark Fox, Deceased, )
SHIRLEY ANN FOX and MARK )
DENSWELL FOX as Co-Administrators )
of the Estate of Thomas Denswell Fox, )
Deceased, and SHIRLEY ANN FOX and )
MARK DENSWELL FOX, as )
Co-Administrators of the Estate of Joseph )
Mark Fox, Deceased, )
                                             )
        Plaintiffs, )
                                             )
v. )     Civil Action No.    **STCV22-00159**
                                           )
WEEKS MARINE, INC., )
JOHN BRENTS HUFFMAN, )
DAVID SAMPSON, )
JAMES FERGUSON, and )
RYAN WELCH, )
                                           )
        Defendants. )

### RULE 3.2 CERTIFICATION

Pursuant to U.S.C.R. 3.2, Counsel for Plaintiffs hereby certify that no case has been filed heretofore in the State Court of Chatham County involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

THIS 27th day of January, 2022.

                                       OLIVER MANER LLP

                                       */s/ William J. Hunter*
                                        WILLIAM J. HUNTER
                                        Georgia Bar No. 141288
                                        I. GREGORY HODGES
                                        Georgia Bar No. 358925
                                        GEORGE T. MAJOR, JR.
218 West State Street                            Georgia Bar No. 619608
P.O. Box 10186                                  VICTORIA R. NEASE
Savannah, Georgia 31412                 Georgia Bar No. 314596
(912) 236-3311                                  *Attorneys for Plaintiffs*
(912) 236-8725 *facsimile*

Brian K. Hart - Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

SHIRLEY ANN FOX and MARK                )
DENSWELL FOX, Individually as the        )
Surviving Parents of Thomas Denswell Fox, )
Deceased, and Joseph Mark Fox, Deceased,  )
SHIRLEY ANN FOX and MARK                )
DENSWELL FOX as Co-Administrators        )
of the Estate of Thomas Denswell Fox,     )
Deceased, and SHIRLEY ANN FOX and        )
MARK DENSWELL FOX, as                   )
Co-Administrators of the Estate of Joseph )
Mark Fox, Deceased,                      )
                                         )
        Plaintiffs,                      )
                                         )
v.                                       )      Civil Action No.   STCV22-00159
                                         )
WEEKS MARINE, INC.,                      )
JOHN BRENTS HUFFMAN,                     )
DAVID SAMPSON,                           )
JAMES FERGUSON, and                      )
RYAN WELCH,                              )
                                         )
        Defendants.                      )

## ACKNOWLEDGMENT OF SERVICE ON BEHALF OF
## DEFENDANT WEEKS MARINE, INC.

COMES NOW Defendant Weeks Marine, Inc. in the above-styled action, by and through

its undersigned counsel Todd M. Baiad, Esq., and hereby acknowledges personal service of the

Summons and Complaint. All additional and further service of process is hereby waived.

This 3rd day of ~~January~~ Feb, 2022.

                            BOUHAN FALLIGANT LLP


                            _____
                            Todd M. Baiad, Esq.
                            Georgia Bar No. 031605
                            tmbaiad@bouhan.com
                            *Attorney for Defendant Weeks Marine, Inc.*

P. O. Box 2139
Savannah, GA 31402-2139
(P) (912) 232-7000
(F) (912) 233-0811

## IN THE STATE COURT OF CHATHAM COUNTY
### STATE OF GEORGIA

SHIRLEY ANN FOX and MARK )
DENSWELL FOX, Individually and as the )
Surviving Parents of Thomas Denswell Fox, )
Deceased, and Joseph Mark Fox, Deceased, )
SHIRLEY ANN FOX and MARK )
DENSWEL FOX as Co-Administrators of the )
Estate of Thomas Denswell Fox, Deceased, )
and SHIRLEY ANN FOX and MARK )
DENSWELL FOX, as Co-Administrators )
of the Estate of Joseph Mark Fox, Deceased, )  Civil Action No: STCV22-00159
)
           Plaintiffs, )
vs. )
)
WEEKS MARINE, INC., JOHN BRENTS )
HUFFMAN, DAVID SAMPSON, JAMES )
FERGUSON and RYAN WELCH, )
)
           Defendants. )

### ACKNOWLEDGEMENT OF SERVICE
### ON BEHALF OF DEFENDANTS JOHN BRENTS HUFFMAN,
### DAVID SAMPSON, JAMES FERGUSON AND RYAN WELCH

**COMES NOW** Defendants John Brents Huffman, David Sampson, James Ferguson, and Ryan Welch (hereinafter "Defendants"), by and through their undersigned counsel Colin A. McRae, Esq., and hereby acknowledge personal service of the Summons and Complaint in the above-styled action. All additional service of process for the above-named Defendants is hereby waived.

This 9 day of February, 2022.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

Colin A. McRae
Georgia Bar No. 499045
*Attorneys for Defendants Johns Brents Huffman,
David Sampson, James Ferguson and Ryan Welch*

Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261
4874-5924-0717

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

SHIRLEY ANN FOX and MARK )
DENSWELL FOX, Individually and as the )
Surviving Parents of Thomas Denswell Fox, )
Deceased, and Joseph Mark Fox, Deceased, )
SHIRLEY ANN FOX and MARK )
DENSWEL FOX as Co-Administrators of the )
Estate of Thomas Denswell Fox, Deceased, )
and SHIRLEY ANN FOX and MARK )
DENSWELL FOX, as Co-Administrators )
of the Estate of Joseph Mark Fox, Deceased, )
                             )     Civil Action No: STCV22-00159
                    Plaintiffs, )
                             )
vs. )
                             )
WEEKS MARINE, INC., JOHN BRENTS )
HUFFMAN, DAVID SAMPSON, JAMES )
FERGUSON and RYAN WELCH, )
                             )
                  Defendants. )
                             )

## CERTIFICATE OF SERVICE

     This is to certify that I have this day served a true and correct copy of the above and

foregoing document by causing same to be __x_ placed in the United States mail, postage prepaid,

___ hand delivered, and/or _x_ sent via email to the following:

| | |
|---|---|
| William J. Hunter, Esq. | Todd M. Baiad, Esq. |
| I. Gregory Hodges, Esq. | Bouhan Falligant LLP |
| George T. Major, Jr., Esq. | Post Office Box 2139 |
| Victoria R. Nease, Esq. | Savannah, GA 31402-2139 |
| Oliver Maner LLP | *Attorneys for Weeks Marine, Inc.* |
| P.O. Box 10186 | |
| Savannah, GA 31412 | |
| *Attorneys for Plaintiffs* | |

This _9_ day of February, 2022.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

Colin A. McRae
Georgia Bar No: 499045
*Attorneys for Defendants John Brents Huffman,*
*David Sampson, James Ferguson and Ryan Welch*

Post Office Box 9848
Savannah, Georgia 31412
(912) 236-0261

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHIRLEY ANN FOX and MARK DENSWELL FOX, Individually as the Surviving Parents of Thomas Denswell Fox, Deceased, and Joseph Mark Fox, Deceased,  SHIRLEY ANN FOX and MARK DENSWELL FOX as Co-Administrators of the Estate of Thomas Denswell Fox, Deceased and SHIRLEY ANN FOX and MARK DENSWELL FOX as Co-Administrators Of the Estate of Joseph Mark Fox, Deceased, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO: STCV22-00159 |
| WEEKS MARINE, INC., JOHN BRENTS HUFFMAN, DAVID SAMPSON, JAMES FERGUSON and RYAN WELCH, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT WEEKS MARINE, INC.

COMES NOW DEFENDANT WEEKS MARINE, INC., and through the undersigned

counsel, answers Plaintiffs' Complaint as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant Weeks Marine, Inc. invokes all defenses that are available to it under the

Limitation of Liability Act, 46 U.S.C. § 30505, et. seq.

## SECOND AFFIRMATIVE DEFENSE

Prior to the incident at issue, Defendant exercised due diligence to make the vessel seaworthy and maintained it in all respects, and the vessel was in fact tight, staunch, strong and properly manned, equipped and supplied, and in all respects seaworthy and fit and proper for the service in which she was engaged in at the commencement of her voyage.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be stayed pending resolution of the filed Limitation of Liability Act bearing Civil Action No: 4:21-cv-000246-RSB-CLR, in the U.S. District Court for the Southern District of Georgia. Defendant anticipates seeking a stay of this action and reopening the limitation action.

## FOURTH AFFIRMATIVE DEFENSE

The incident, and any and all damages, injuries and losses resulting therefrom, were not caused or contributed to or due to any fault, design or neglect or want of care on the part of Defendant, the vessel or those in charge of her, or any person or persons for whom Defendant is responsible, or by any failure of Defendant to exercise due diligence to make the vessel seaworthy.

## FIFTH AFFIRMATIVE DEFENSE

In the alternative, the incident and any and all damages, injuries, or losses resulting therefrom were occasioned and occurred as a result of some excusable cause, including, but not limited to, peril or accident of the sea, act of God, or a latent defect, warranting exoneration from liability and/or fault on the part of the vessel.

## SIXTH AFFIRMATIVE DEFENSE

The incident and any and all damages, injuries, or losses resulting therefrom were occasioned and occurred without the privity or knowledge, at or prior to the commencement of the

RECEIVED FOR FILING ST JAS COUNTY SUPERIOR/STATE CT 2/2/2022 3:14 PM

Brian A. Hart - Clerk of Court

voyage upon which the vessel was engaged of Defendant's officers, directors, or anyone whose privity and knowledge is imputable to Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent the evidence should show that Plaintiffs by ordinary care could have avoided the consequences to themselves caused by any alleged negligence on the part of Defendant, any such negligence being expressly denied, Plaintiffs would not be entitled to recover, or any recovery would be subject to reduction. Specifically, without limiting the generality of the foregoing, Defendant affirmatively pleads and preserves the affirmative defenses of contributory negligence, comparative fault, and the doctrine of avoidance.

### EIGHTH AFFIRMATIVE DEFENSE

No acts or omissions by Defendant, its agents, workers, or employees proximately caused any injuries or damages to Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

Certain damages that Plaintiffs have sought through the above-captioned action are not recoverable under the General Maritime Law of the United States and, therefore, Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Additionally, the supplemental damages that Plaintiffs have sought under state law are not available, in whole or in part, and, therefore, Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs violated the Maritime Navigation Rules and Regulations and, therefore, cannot recover from Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

If the Court finds Georgia's wrongful death statute to apply governing supplemental damages, such application being specifically denied, the wrongful death mechanism for calculating the intangible value of the decedents' life is unconstitutional under the federal and Georgia Due Process Clause.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that any third party or other party-Plaintiff's acts contributed to the incident or harm alleged in this case, Defendant is entitled to a reduction or discharge of any liability accordingly, such liability being specifically denied.

## THIRTEENTH AFFIRMATIVE DEFENSE

Subject to and without waiver of the aforementioned Affirmative Defenses, Defendant answers the numbered paragraphs of Plaintiffs' Complaint as follows:

### I.    PARTIES, JURISDICTION and VENUE

1.  Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint and, therefore, denies said allegations.

2.  Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Complaint and, therefore, denies said allegations.

3.  Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint and, therefore, denies said allegations.

4.  Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' <u>Complaint</u> and, therefore, denies said allegations.

5.  Defendant Weeks admits the allegations in this paragraph of Plaintiffs' <u>Complaint</u>.

6.  Defendant admits only that personal jurisdiction is proper over Weeks Marine, but denies that it caused a tortious injury to Plaintiffs in the state of Georgia as alleged in paragraph 6 of Plaintiffs' <u>Complaint</u>. Defendant further denies that it committed any tortious acts or omissions in the state of Georgia.

7.  Defendant Weeks Marine admits that it is subject to jurisdiction in the State Court of Chatham County, but denies the remaining allegations contained in paragraph 7 of Plaintiffs' <u>Complaint</u>. By way of further answer, contemporaneously with filing this Answer, Defendant Weeks Marine is removing this action to the United States District Court for the Southern District of Georgia. Defendant Weeks Marine further asserts that the stay in its previously filed Limitation Action bearing Civil Action No. 4:21-cv-000246-RSB-CLR should be lifted, and this action should be stayed by order of the Court.

8.  Defendant Weeks admits the allegations in this paragraph of Plaintiffs' <u>Complaint</u>.

9.  Defendant Weeks admits the allegations in this paragraph of Plaintiffs' <u>Complaint</u>.

10.  Defendant Weeks admits the allegations in this paragraph of Plaintiffs' <u>Complaint</u>.

11.  Defendant Weeks admits the allegations in this paragraph of the Complaint.

12.  Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiffs' <u>Complaint</u> and, therefore, denies said allegations. Defendant Weeks denies that Defendant Huffman committed any negligent acts or omissions causing Plaintiffs' injuries.

13. Defendant Weeks admits the allegations in this paragraph of the Complaint.

14. Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiffs' Complaint and, therefore, denies said allegations. Defendant Weeks denies that Defendant Sampson committed any negligent acts or omissions causing Plaintiffs' injuries.

15. Defendant Weeks admits the allegations in this paragraph of the Complaint.

16. Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiffs' Complaint and, therefore, denies said allegations. Defendant Weeks denies that Defendant Ferguson committed any negligent acts or omissions causing Plaintiffs' injuries.

17. Defendant Weeks admits the allegations in this paragraph of Plaintiffs' Complaint.

18. Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiffs' Complaint and, therefore, denies said allegations. Defendant Weeks denies that Defendant Welch committed any negligent acts or omissions causing Plaintiffs' injuries.

19. Defendant denies the allegations contained within paragraph 19 of Plaintiffs' Complaint. By way of further answer, contemporaneously with this Answer, Defendant Weeks Marine, Inc. is removing this action to the United States District Court for the Southern District of Georgia, Savannah Division.

20. Defendant denies the allegations contained within paragraph 20 of Plaintiffs' Complaint. By way of further answer, contemporaneously with this Answer, Defendant Weeks Marine, Inc. is removing this action to the United States District Court for the Southern District of Georgia, Savannah Division.

## II. GENERAL ALLEGATIONS

21. Defendant Weeks Marine, Inc. reincorporates and realleges its responses to paragraphs 1-20 above as if restated verbatim herein.

22. Defendant Weeks admits the allegations in this paragraph of Plaintiffs' Complaint.

23. Defendant Weeks admits the allegations in this paragraph of Plaintiffs' Complaint.

24. Defendant Weeks admits the allegations in this paragraph of Plaintiffs' Complaint.

25. Defendant Weeks admits the allegations in this paragraph of Plaintiffs' Complaint.

26. Defendant Weeks denies the allegations in this paragraph of Plaintiffs' Complaint. By way of further answer, Defendant Weeks has not typically worked around the clock, but admits that it has regularly transported employees and equipment along the Savannah River. Defendant denies the remaining allegations contained within paragraph 26 of Plaintiffs' Complaint..

27. Defendant Weeks admits the allegations in this paragraph of Plaintiffs' Complaint.

28. Defendant Weeks admits the allegations in this paragraph of Plaintiffs' Complaint.

29. Defendant Weeks admits the allegations in this paragraph of Plaintiffs' Complaint.

30. Defendant Weeks denies the allegations in this paragraph of Plaintiffs' Complaint.

31. Defendant Weeks admits the allegations in this paragraph of Plaintiffs' Complaint.

32. Defendant denies the allegations contained within paragraph 32 of Plaintiffs' Complaint.

33. Defendant denies the allegations contained within paragraph 33 of Plaintiffs' Complaint.

34. Defendant denies the allegations contained within paragraph 34 of Plaintiffs' Complaint.

35.   Defendant denies the allegations contained within paragraph 35 of Plaintiffs' Complaint.

36.   Defendant denies the allegations contained within paragraph 36 of Plaintiffs' Complaint.

37.   Defendant denies the allegations contained within paragraph 37 of Plaintiffs' Complaint.

38.   Defendant denies the allegations contained within paragraph 38 of Plaintiffs' Complaint.

39.   Defendant denies the allegations contained within paragraph 39 of Plaintiffs' Complaint.

40.   Defendant denies the allegations contained within paragraph 40 of Plaintiffs' Complaint.

41.   Defendant Weeks admits only that Thomas Denswell Fox and Joseph Mark died following the collision and that their bodies were found in the water a few days later. The cause of their death remains under investigation, and Defendant Weeks denies the remaining allegations in this paragraph of Plaintiffs' Complaint.

42.   Defendant denies the allegations contained within paragraph 42 of Plaintiffs' Complaint, including all of its subparts.

### III.  CAUSES OF ACTION
### COUNT I – NEGLIGENCE (UNSEAWORTHINESS)

43.   Defendant Weeks Marine, Inc. reincorporates and realleges its responses to paragraphs 1-42 above as if restated verbatim herein.

44.  Responding to paragraph 44 of Plaintiffs' <u>Complaint</u>, Defendant Weeks Marine shows that this paragraph calls for a legal conclusion to which no response is required, and on that basis denies it.

45.    Defendant denies the allegations contained within paragraph 45 of Plaintiffs' <u>Complaint</u>, including all of its subparts.

46.    Defendant denies the allegations contained within paragraph 46 of Plaintiffs' <u>Complaint</u>.

47.    Defendant denies the allegations contained within paragraph 47 of Plaintiffs' <u>Complaint</u>.

48.    Defendant denies the allegations contained within paragraph 48 of Plaintiffs' <u>Complaint</u>.

49.    Defendant denies the allegations contained within paragraph 49 of Plaintiffs' <u>Complaint</u>.

## COUNT II – NEGLIGENT OPERATION

50.  Defendant Weeks Marine, Inc. reincorporates and realleges its responses to paragraphs 1-49 above as if restated verbatim herein.

51.  Responding to paragraph 51 of Plaintiffs' <u>Complaint</u>, Defendant Weeks Marine shows that this paragraph calls for a legal conclusion to which no response is required, and on that basis denies it.

52.    Defendant denies the allegations contained within paragraph 52 of Plaintiffs' <u>Complaint</u>, including all of its subparts.

53. Responding to paragraph 53 of Plaintiffs' <u>Complaint</u>, Defendant Weeks Marine shows that this paragraph calls for a legal conclusion to which no response is required, and on that basis denies it.

54. Defendant denies the allegations contained within paragraph 54 of Plaintiffs' <u>Complaint</u>.

55. Responding to paragraph 55 of Plaintiffs' <u>Complaint</u>, Defendant Weeks Marine shows that this paragraph calls for a legal conclusion to which no response is required, and on that basis denies it.

56. Defendant denies the allegations contained within paragraph 56 of Plaintiffs' <u>Complaint</u>, including all of its subparts.

57. Responding to paragraph 57 of Plaintiffs' <u>Complaint</u>, Defendant Weeks Marine shows that this paragraph calls for a legal conclusion to which no response is required, and on that basis denies it.

58. Defendant denies the allegations contained within paragraph 58 of Plaintiffs' <u>Complaint</u>.

**COUNT III – NEGLIGENCE PER SE – VIOLATION OF REGULATIONS**

59. Defendant Weeks Marine, Inc. reincorporates and realleges its responses to paragraphs 1-58 above as if restated verbatim herein.

60. Defendant denies the allegations contained within paragraph 60 of Plaintiffs' <u>Complaint</u>.

61. Defendant denies the allegations contained within paragraph 61 of Plaintiffs' <u>Complaint</u>.

62.   Defendant denies the allegations contained within paragraph 62 of Plaintiffs' Complaint.

63.   Defendant denies the allegations contained within paragraph 63 of Plaintiffs' Complaint.

64.   Defendant denies the allegations contained within paragraph 64 of Plaintiffs' Complaint.

65.   Defendant denies the allegations contained within paragraph 65 of Plaintiffs' Complaint.

66.   Defendant denies the allegations contained within paragraph 66 of Plaintiffs' Complaint.

67.   Defendant denies the allegations contained within paragraph 67 of Plaintiffs' Complaint.

## COUNT IV – ESTATE CLAIMS – ESTATE OF THOMAS DENSWELL FOX

68.   Defendant Weeks Marine, Inc. reincorporates and realleges its responses to paragraphs 1-67 above as if restated verbatim herein.

69.   Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiffs' Complaint and, therefore, denies said allegations.

70.   Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of Plaintiffs' Complaint and, therefore, denies said allegations.

71. Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of Plaintiffs' <u>Complaint</u> and, therefore, denies said allegations.

72. Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of Plaintiffs' <u>Complaint</u> and, therefore, denies said allegations.

73. Defendant denies the allegations contained within paragraph 73 of Plaintiffs' <u>Complaint</u>.

### COUNT V – ESTATE CLAIMS – ESTATE OF JOSEPH MARK FOX

74. Defendant Weeks Marine, Inc. reincorporates and realleges its responses to paragraphs 1-73 above as if restated verbatim herein.

75. Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of Plaintiffs' <u>Complaint</u> and, therefore, denies said allegations.

76. Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of Plaintiffs' <u>Complaint</u> and, therefore, denies said allegations.

77. Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of Plaintiffs' <u>Complaint</u> and, therefore, denies said allegations.

78. Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of Plaintiffs' <u>Complaint</u> and, therefore, denies said allegations.

79.   Defendant denies the allegations contained within paragraph 79 of Plaintiffs' Complaint.

## COUNT VI – WRONGFUL DEATH – THOMAS DENSWELL FOX

80.  Defendant Weeks Marine, Inc. reincorporates and realleges its responses to paragraphs 1-79 above as if restated verbatim herein.

81.  Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of Plaintiffs' Complaint and, therefore, denies said allegations.

82.  Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of Plaintiffs' Complaint and, therefore, denies said allegations.

83.   Defendant denies the allegations contained within paragraph 83 of Plaintiffs' Complaint.

84.   Defendant denies the allegations contained within paragraph 84 of Plaintiffs' Complaint.

## COUNT VII – WRONGFUL DEATH - JOSEPH MARK FOX

85.  Defendant Weeks Marine, Inc. reincorporates and realleges its responses to paragraphs 1-84 above as if restated verbatim herein.

86.  Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of Plaintiffs' Complaint and, therefore, denies said allegations.

87. Defendant Weeks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of Plaintiffs' <u>Complaint</u> and, therefore, denies said allegations.

88. Defendant denies the allegations contained within paragraph 88 of Plaintiffs' <u>Complaint</u>.

89. Defendant denies the allegations contained within paragraph 89 of Plaintiffs' <u>Complaint</u>.

In response to the unnumbered WHEREFORE paragraph of the <u>Complaint</u>, Weeks denies that Plaintiffs are entitled to recover against it in any amount whatsoever.

Weeks denies all allegations contained in the Plaintiffs' <u>Complaint</u> not specifically admitted herein and prays that it be discharged from this action, with Plaintiffs bearing all costs of court.

THIS 7th DAY OF MARCH, 2022.

BOUHAN FALIGANT LLP

By:   <u>/s/ Todd M. Baiad</u>
TODD M. BAIAD
Georgia Bar No: 031605
LUCAS D. BRADLEY
Georgia Bar No. 672136
*Attorneys for Defendant Weeks Marine, Inc.*

BOUHAN FALLIGANT LLP
One West Park Avenue (31401)
Post Office Box 2139
Savannah, Georgia 31402-2139
Telephone: (912) 232-7000
Facsimile: (912) 233-0811
tmbaiad@bouhan.com
ldbradley@bouhan.com

## <u>CERTIFICATE OF SERVICE</u>

I, TODD M. BAIAD, do hereby certify that I have this day served a copy of the foregoing

upon all parties to this matter by regular United States mail addressed as follows:

William J. Hunter, Esq.
I. Gregory Hodges, Esq.
George T. Major, Jr., Esq.
OLIVER MANER, LLP
218 West State Street
P. O. Box 10186
Savannah, Georgia 31412
*Attorneys for Plaintiffs Shirley Ann Fox, Individually and Mark Denswell Fox, Individually, as Temporary Administrator or the Estate of Thomas Denswell Fox, Deceased, and as Temporary Administrator of the Estate of Joseph Mark Fox, Deceased*

Jeremy S. McKenzie, Esq.
R. Paul Hart, Esq.
C. Dorian Britt, Esq.
KARSMAN, McKENZIE & HART
21 West Park Avenue
Savannah, Georgia 31401
*Attorneys for Plaintiffs Aaron Tyler Clark, Tyler Blake Floyd, Kaitlyn Helmuth, Harlee Rewis and Haleigh Rewis*

Colin McRae, Esq.
HUNTER MACLEAN
200 E. Saint Julian Street
P.O. Box 9848
Savannah, GA 31412
*Counsel for Defendants John Brents Huffman, David Sampson, James Ferguson and Ryan Welch*

THIS 7th DAY OF MARCH, 2022.

BOUHAN FALIGANT LLP

By:     /s/ Todd M. Baiad
        TODD M. BAIAD
        Georgia Bar No: 031605
        LUCAS D. BRADLEY
        Georgia Bar No. 672136
        *Attorneys for Defendant Weeks Marine, Inc.*

*Brian K. Hart* - Clerk of Court

BOUHAN FALLIGANT LLP
One West Park Avenue (31401)
Post Office Box 2139
Savannah, Georgia  31402-2139
Telephone: (912) 232-7000
Facsimile:  (912) 233-0811
tmbaiad@bouhan.com
ldbradley@bouhan.com

4854-7382-4787, v. 1